(125 So. 902)

### CARMACK v. STATE. (5 Div. 785.)

Court of Appeals of Alabama. Dec. 17, 1929.

Rehearing Denied Jan. 14, 1930.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This prosecution originated in the county court upon affidavit and warrant which charged appellant with the offense of violating the prohibition laws of the state, by having whisky in his possession. From a judgment of conviction in the county court, an appeal was taken, and duly perfected, to the circuit court.

It appears from the record that the trial was had upon the original affidavit and complaint. No objection by motion, demurrer, or otherwise, in this connection is shown by the record. The judgment entry recites that upon arraignment on the complaint the defendant pleaded not guilty.

We note in the bill of exceptions some reference is made to a written motion to strike certain portions of the affidavit and warrant; also as to certain alleged demurrers thereto. These matters cannot be presented by a bill of exceptions. If such motion, as referred to, was made, and demurrers interposed, this should have been shown by the record proper. Section 9459, Code 1923.

This case, in the circuit court, was tried by a jury. The facts adduced upon the trial were in sharp conflict and therefore became jury questions. In the opinion of this court the evidence was sufficient to sustain the verdict of the jury and to support the judgment pronounced and entered.

The defendant's escape from the arresting officers and his subsequent flight having been shown by the evidence without dispute, it was proper for the court to allow the solicitor to inquire of witness Sheriff Holdbrooks, "What was the condition of his (defendant's) clothes when you saw him?" The inquiry was not only relevant and permissible, but in any event the objection by defendant was properly overruled because of the manner in which it was made; no grounds being stated. Furthermore, the point of decision involved is not of sufficient import to effect a reversal of the judgment.

The remaining point of decision involves a ruling of the court upon the admission of evidence in connection with the testimony of defendant who testified as a witness in his own behalf. The court, over objection and exception, allowed the state to inquire of defendant if he had been convicted of murder and served a term of imprisonment in the penitentiary. All that is necessary is to cite sections 7722 and 7723 of the

Code 1923; wherein it is provided a witness may be examined touching his conviction for crime, etc.

We discover no error of a reversible nature, and order that the judgment of the lower court from which this appeal was taken be affirmed.

Affirmed.